UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELINDA E. CASTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 1:15-cv-01859-JMS-MPB |
| | ) |
| CAROLYN W. COLVIN, *Acting Commissioner of the Social Security Administration*, | ) |
| | ) |
| Defendant. | ) |

**ENTRY REVIEWING THE COMMISSIONER'S DECISION**

Plaintiff Melinda E. Caster filed for supplemental security income benefits on May 14, 2012, alleging a disability onset date of June 13, 2011. [Filing No. 14-5 at 3.] Her application was denied initially and upon reconsideration, [Filing No. 14-4 at 5; Filing No. 14-4 at 17], and a hearing was held before Administrative Law Judge Blanca B. de la Torre (the "ALJ") on April 4, 2014, [Filing No. 14-2 at 36-63]. On May 23, 2014, the ALJ issued an opinion concluding that Ms. Caster was not disabled as defined by the Social Security Act. [Filing No. 14-2 at 20-30.] The Appeals Council denied review on September 25, 2015, making the ALJ's decision the Commissioner's final decision subject to judicial review. [Filing No. 14-2 at 2.] Ms. Caster filed this civil action pursuant to 42 U.S.C. § 405(g), asking this Court to review her denial of benefits. [Filing No. 1.]

**I.
STANDARD OF REVIEW**

"The Social Security Act authorizes payment of disability insurance benefits and Supplemental Security Income to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind

1

of inability, namely, an inability to engage in any substantial gainful activity. Second it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last . . . not less than 12 months." *Id.* at 217.

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists to support the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong," *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [her] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original). "If a claimant satisfies steps one, two, and three, [she] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [she] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

2

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her own past relevant work and if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e), (g). The burden of proof is on the claimant for Steps One through Four; only at Step Five does the burden shift to the Commissioner. *Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate only where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id.* (citation omitted).

## II.
### BACKGROUND

Ms. Caster was forty-six years old at the time she applied for social security benefits. [Filing No. 14-5 at 3.] She has a high school diploma, [Filing No. 14-2 at 43], and has performed past relevant work as a hand packager and a psychiatric aide, [Filing No. 14-2 at 44-46; Filing No. 14-2 at 58].[1]

---

[1] Both parties provided a detailed description of Ms. Caster's medical history and treatment in their briefs. [Filing No. 22; Filing No. 27.] Because that discussion implicates sensitive and otherwise confidential medical information concerning Ms. Caster, the Court will simply incorporate those facts by reference herein and only detail specific facts as necessary to address the parties' arguments.

The ALJ followed the five-step sequential evaluation set forth by the Social Security Administration in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Ms. Caster is not disabled. [Filing No. 14-2 at 20.] The ALJ found as follows:

- At Step One, the ALJ found that Ms. Caster has not engaged in substantial gainful activity since May 14, 2012, the date of her application for benefits. [Filing No. 14-2 at 22.]

- At Step Two, the ALJ found that Ms. Caster has the following severe impairments: degenerative disc disease of the lumbar spine and cervical spine, and hypertension. [Filing No. 14-2 at 22.]

- At Step Three, the ALJ found that Ms. Caster does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [Filing No. 14-2 at 24.]

- At Step Three but before Step Four, the ALJ found that Ms. Caster has the residual functional capacity ("RFC") to do as follows:

    perform light work as defined in 20 CFR 416.967(b). Specifically, she can lift, carry, push, and pull twenty pounds occasionally and ten pounds frequently. She can sit, stand, or walk each for two hours at a time and a total of six hours in the eight-hour workday. She can occasionally climb ramps and stairs, balance, stoop, crouch, and kneel. She cannot work on ladders, ropes, scaffolds, or crawl. She can perform overhead work occasionally. She must avoid concentrated exposure to extreme cold and industrial vibrations. She must avoid all exposure to heights.

    [Filing No. 14-2 at 24.]

- At Step Four, the ALJ found that Ms. Caster is unable to perform her past relevant work. [Filing No. 14-2 at 28.]

- At Step Five, the ALJ considered Ms. Caster's age, education, work experience, and RFC and found that there are jobs that exist in sufficient numbers in the national

economy that Ms. Caster can perform, including cashier II, sales attendant, general office clerk, collator operator, and router. [Filing No. 14-2 at 29.]

Ms. Caster asked the Appeals Council to review the ALJ's decision, but that request was denied on September 25, 2015, making the ALJ's decision the Commissioner's final decision subject to judicial review. [Filing No. 14-2 at 2.] Ms. Caster filed this civil action pursuant to 42 U.S.C § 405(g), asking this Court to review her denial of benefits. [Filing No. 1.]

## III.
### DISCUSSION

Ms. Caster raises two issues on appeal: (1) the ALJ failed to consider Ms. Caster's need for a cane when determining the RFC; and (2) the ALJ failed to address evidence that indicates Ms. Caster suffers from headaches multiple times a week. [Filing No. 22 at 9.] The Court will address the issues in turn.

**A. Use of a Cane**

Ms. Caster argues that the ALJ does not explain "the rationale behind [her] finding of the RFC." [Filing No. 22 at 12.] Specifically, she claims that the ALJ "refers to the prescription Dr. Mader wrote [for Ms.] Caster for her cane, [but that] there is no further discussion of [Ms.] Caster's need of the cane for ambulation." [Filing No. 22 at 12 (citing Filing No. 14-2 at 26).] Ms. Caster further contends that the ALJ did not include Ms. Caster's need for a cane into the hypothetical posed to the VE at the hearing. [Filing No. 22 at 12-13.]

In response, the Commissioner argues that Ms. Caster has not demonstrated that the use of a cane was medically required. [Filing No. 27 at 9.] The Commissioner further claims that the only evidence that Ms. Caster cites to is her complaint of leg weakness, but claims that the ALJ considered evidence that addresses Ms. Caster's leg weakness, activities with her leg, use of a cane, and medical results of her leg. [Filing No. 27 at 10 (citing Filing No. 14-2 at 26).]

5

In reply, Ms. Caster claims that "the issue is less about [Ms.] Caster's need for a cane," and more about "evidence that would indicate [Ms.] Caster does require the use of a cane to walk." [Filing No. 28 at 2.] She claims that this evidence is critical because this could mean the difference between the ALJ's finding of disabled or not disabled. [Filing No. 28 at 2.]

A medically required hand-held assistive device, such as a cane, must be considered as part of the RFC analysis. *See Tripp v. Astrue*, 489 Fed. Appx. 951, 955 (7th Cir. 2012). In order to prove that the device is medically required, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p. The claimant bears the burden of proving the device is medically required. 20 C.F.R. § 404.1512(a). Once the claimant proves the device is medically required, the ALJ must include an explanation of how the hand-held assistive device was considered in the RFC assessment. SSR 96-9p. However, if the ALJ fails to discuss the use of an assistive device without concluding that it is not medically necessary, remand is appropriate. *Thomas v. Colvin*, 534 Fed. Appx. 546, 550 (7th Cir. 2013) ("The error in this case, however, is not that the medical evidence *required* the ALJ to find that Thomas needed a cane to stand and walk, but that the ALJ failed to consider the issue at all, leaving us without a finding to review." (emphasis in original)).

During the hearing, Ms. Caster testified, "I have a cane that I do occasionally use" and indicated that her treating physician, Dr. Mader, had prescribed the cane to her. [Filing No. 14-2 at 53-54.] Medical records show that in September of 2013, Ms. Caster complained to Dr. Mader about leg weakness and requested a prescription for a cane "to help her get up." [Filing No. 14-11 at 31.] There is no additional documentation in the record discussing whether or under what

circumstances a cane may be medically necessary for ambulation. It may be that the ALJ did not discuss Ms. Caster's cane—beyond a reference to the fact that one was prescribed—because she concluded the cane was not medically required and therefore not relevant to the RFC assessment. However, no clear statement to that effect was made in the opinion, and the Court "cannot uphold the ALJ's decision based on a reason that the ALJ did not articulate." *Thomas*, 534 Fed. Appx. at 550 (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012); *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011)). The Court expresses no opinion as to the medical necessity of Ms. Caster's cane, but does conclude that the ALJ's failure to address the issue at all constitutes reversible error.

Accordingly, on remand the ALJ should consider all evidence relevant to Ms. Caster's need for a cane, determine whether the cane is medically required, and explain what impact, if any, that finding has on the ultimate determination of Ms. Caster's ability to work.

### B. Headaches

Ms. Caster claims that during the hearing, she testified that she has headaches approximately twice a week, and that the ALJ "failed to make a finding" regarding whether her headaches would prevent her from engaging in competitive employment. [Filing No. 22 at 15-16.]

The Commissioner in her response contends that although the ALJ did not mention Ms. Caster's headaches, Ms. Caster has not shown reversible error because the lack of support in the record for a claim of headaches renders harmless any error she might have established. [Filing No. 27 at 11-14.]

In reply, Ms. Caster maintains that the ALJ committed reversible error by failing to consider her debilitating headaches. [Filing No. 28 at 3-4.]

It is well established that the ALJ "must provide 'an accurate and logical bridge' between the evidence and her conclusion that a claimant is not disabled." *Kastner*, 697 F.3d at 646 (quoting *Craft*, 539 F.3d at 673). In doing so, the ALJ should take into account all of the relevant evidence, including both medical and nonmedical evidence. *Diaz v. Chater*, 55 F.3d 300, 306 (7th Cir. 1995). The ALJ is not required to address every piece of evidence that has been presented, but she must explain the bridge between the evidence and the conclusion sufficiently enough to allow the reviewing court to assess the validity of the ultimate findings and afford the claimant meaningful judicial review. *Craft*, 539 F.3d at 673 (citing *Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004)).

The ALJ may not analyze only the evidence that supports her ultimate conclusion; if contrary evidence exists, the ALJ must confront it and explain why it was rejected. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) (citations omitted). "Further, the ALJ cannot reject a claimant's testimony about limitations on her daily activities solely by stating that such testimony is unsupported by the medical evidence." *Id.* at 1125 (quoting *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004)).

Ms. Caster testified that she experiences headaches one to two times per week as a result of pain in her neck. [Filing No. 14-2 at 51-52.] She stated that these headaches last all day, and that in order to relieve them, she must go into a dark room, lie down, and close her eyes. [Filing No. 14-2 at 52.] She also indicated that she has discussed this issue with her doctors, and while she has not received any medication to treat the headaches, she takes over-the-counter medications to relieve the pain. [Filing No. 14-2 at 52.]

Reference to headaches appears in other parts of the record as well. Ms. Caster's son completed a third party function report form on June 19, 2012 and he noted that Ms. Caster

8

experienced headaches when she became stressed. [Filing No. 14-6 at 18.] On October 28, 2011, Ms. Caster visited the emergency room and the record appears to indicate that she complained of, among other things, a headache lasting several days. [Filing No. 14-8 at 51.] In addition, an evaluation from a July 2, 2012 mental status examination with Dr. Bissey indicates that Ms. Caster reported a history of severe headaches. [Filing No. 14-9 at 20.]

The ALJ did not address Ms. Caster's headaches at all in the opinion. The ALJ stated, "I generally find the claimant's description of the location, duration, frequency, and intensity of her symptoms unpersuasive." [Filing No. 14-2 at 27.] It is unclear whether this statement is intended to mean that the ALJ disbelieved Ms. Caster's testimony about headaches in its entirety. As a general rule, such a credibility determination, if properly explained, would be entitled to considerable deference from this Court. *Prochaska*, 454 F.3d at 738. However, because the ALJ did not explicitly make that determination, the Court is unable to trace the ALJ's reasoning from the testimony in which Ms. Caster claims that headaches incapacitate her for one to two days each week to the ultimate conclusion that Ms. Caster is able to perform work in the national economy. Thus, the ALJ has not built a sufficient logical bridge from the evidence to her conclusion.

This error is not harmless. While the Court does not express an opinion as to the impact that consideration of Ms. Caster's headaches would have had on the ALJ's disability decision, failure to build a logical bridge from the evidence to the ultimate conclusion prevents meaningful judicial review. Accordingly, the Commissioner's contention that this error was harmless because the record lacked sufficient evidence to support Ms. Caster's claim of headaches is unavailing. See *Walters v. Astrue*, 444 Fed. Appx. 913, 919 (7th Cir. 2011) ("[A]n error in failing to analyze and explain important evidence is not harmless simply because the ALJ could have addressed that

evidence in a way that would survive substantial-evidence review." (citations omitted)). Failure to address the issue of headaches is thus a legal error that requires reversal.

On remand, the ALJ should address Ms. Caster's headaches and discuss whether they impact Ms. Caster's ability to work.

## IV.
### CONCLUSION

For the reasons detailed herein, the Court **VACATES** the ALJ's decision denying Ms. Caster benefits and **REMANDS** this matter for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four). The Court notes that on remand, the ALJ must address Ms. Caster's use of a cane and her allegation of headaches. The ALJ may wish to obtain additional, more recent medical records to determine whether Ms. Caster has sought treatment for headaches and whether Ms. Caster medically requires a cane for ambulation. Final judgment will issue accordingly.

Date: August 10, 2016

*[signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov